b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTY DAUZAT,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01440 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| G P S HOSPITALITY PARTNERS IV<br>L L C ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiff Christy Dauzat ("Dauzat"). ECF No. 19. Defendant GPS Hospitality Partners IV, LLC, ("GPS") opposes. ECF No. 26.

Because GPS's removal was untimely, IT IS RECOMMENDED that Dauzat's Motion to Remand (ECF No. 19) be GRANTED and the case be REMANDED to the Tunica-Biloxi Tribal Court in Marksville, Louisiana.

## I.    Background

On January 14, 2019, Dauzat asserted state law claims against GPS and the Travelers Indemnity Company in the Tunica-Biloxi Tribal Court in Marksville, Louisiana. ECF No. 1-1. Dauzat alleged, "The defendants are indebted unto petitioner for damages as are reasonable in the premises . . . in an amount less than $50,000.00." *Id.* ¶2. GPS reserved its right to "remove this case to a United States District Court

If [Dauzat] later amends her Petition to state that her damages exceed

. . . $75,000." ECF No. 26-2 at 3.

In August 2019, Dauzat represented in discovery that her medical bills totaled $13,380.54. ECF No. 1-2 at 8. In July 2023, Dauzat's counsel informed GPS's counsel that "Dauzat's total medical specials to date" totaled $156,369.61. ECF No. 19-4 at 1. GPS represents that it sought clarification about whether Dauzat was alleging the medical treatment was related to her trip and fall, and Dauzat's counsel "advised that he would speak to her doctors on the issue."[1] ECF No. 26 at 4. GPS deposed the doctors referred to in the attached records. *Id.*

On May 15, 2025, Dauzat sought leave to file an amended petition. ECF Nos. 1 at 2 & 1-4. The amended petition alleged that "[t]he defendants are indebted unto petitioner for damages . . . exceeding $75,000.00." ECF No. 1-4 at ¶2. Dauzat additionally sought to add Tunica-Biloxi Indians of Louisiana, Inc. ("Tunica-Biloxi Indians") as an additional defendant, alleging it owned and leased the property and knew or had notice of the hazard in the parking lot but failed to eliminate it. *Id.* ¶¶1, 3. On July 22, 2025, the Tunica-Biloxi Tribal Court granted Dauzat's request to amend her petition. ECF No. 1-3. Dauzat's amended petition was filed on September 2, 2025. ECF No. 1 at 11.

GPS subsequently removed, contending that (1) the amount-in-controversy exceeded $75,000.00, (2) complete diversity existed because Tunica-Bilixa Indians

---

[1] GPS did not attach the pertinent emails for the Court's review.

was improperly joined, and (3) the doctrine of equitable estoppel allowed removal beyond the one-year deadline. *Id.* at 3–10.

Dauzat now moves to remand. ECF No. 19. Dauzat argues remand is required because (1) GPS's removal was untimely, and (2) complete diversity between the parties does not exist. ECF No. 19-1.

## II.    Law and Analysis

### A.  Subject Matter Jurisdiction

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution or federal legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248.

Subject matter jurisdiction must exist at the time of removal based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The general-diversity statute permits federal district court jurisdiction over suits between citizens of different states seeking more than $75,000 in damages. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman N. Am. Inc.*, 64 Fed. App'x. 416, at *1 (5th Cir. 2003).

Because Louisiana law precludes plaintiffs from specifying the monetary value of damages, *see* La. Code Civ. P. art. 893, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

"The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x. 859, 862 (5th Cir. 2010). If the removing defendant carries its burden, however, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed the jurisdictional amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Plaintiffs may "obtain a remand to state court[] by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 596 (2013). "To determine whether a proffered stipulation

renders it legally certain that a plaintiff's recovery will not exceed the jurisdictional threshold, the key consideration is whether the stipulation is 'legally binding on all plaintiffs.'" *Lawrence on behalf of SL v. Denka Performance Elastomer LLC*, No. 20-CV-0798, 2020 WL 4199915, at *4 (E.D. La. July 21, 2020) (quoting *Standard Fire Ins. Co.*, 568 U.S. at 595); *see also De Aguilar*, 47 F.3d at 1412 n.10 ("The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations."). "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Levith v. State Farm Fire & Cas. Co.*, No. 06-CV-2785, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006).

### B. Removal was not timely.

A defendant must file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If an initial pleading is not removable, the defendant must file a notice of removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable." 28 U.S.C. § 1446(b)(3). "A case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

To determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 23, 2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)). "The determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.'" *Rantz v. Shield Coat, Inc.*, No. 17-CV-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

"A finding of bad faith requires a 'transparent attempt to circumvent federal jurisdiction.'" *James v. Whitney*, No. 20-CV-0203, 2021 WL 3044149, at *2 (W.D. La. July 19, 2021) (quoting *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, 18-CV-690, 2018 WL 7625357, at *3 (M.D. La. Dec. 21, 2018)). "While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute." *Antie v. McBain*, No. 21-CV-01460, 2021 WL 4244554, at *2 (W.D. La. Aug. 11, 2021). The burden of showing that the plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See De Aguilar*, 47 F.3d at 1408.

Here, GPS filed a notice of removal more than a year after commencement of the action. GPS argues Dauzat acted in bad faith by filing a lawsuit "with a binding stipulation that [her] damages did not exceed the amount sufficient to confer

jurisdiction on this Court" and then removing that stipulation "years after the one-year period had run." ECF No. 1 at 9.

However, a review of Dauzat's petition demonstrates that it did not contain a binding stipulation. Dauzat alleged that the damages owed did not exceed $50,000.00. ECF No. 1-1 at ¶2. This allegation is not an affirmative waiver of Dauzat's "right to accept a judgment in excess of [$50,000.00]" and, as such, would not bind Dauzat. *Levith*, 2006 WL 2947906, at *2. Put differently, "[b]ecause [Dauzat] did not stipulate [she] would *not* accept more than [this amount], the state court would not be bound by this limit." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 389 (5th Cir. 2009) (emphasis original). Therefore, Dauzat's petition did not contain a binding stipulation that would have established, to a legal certainty, that her petition was not removable.

Moreover, Dauzat's inclusion of this allegation did not "prevent" removal. While the allegation may have prevented GPS from establishing that the amount-in-controversy was "'facially apparent' from [Dauzat's] pleadings alone," GPS could have met its burden "by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). GPS did not do so. Notably, GPS has not shown whether or not the case would have been removable absent such an allegation. Dauzat's recent amendment alone does not suggest that the jurisdictional threshold was met earlier. Further, nothing in the record suggests that Dauzat either manipulated her damages disclosures or omitted pertinent information to conceal the total amount in controversy.

In sum, GPS fails to show that Dauzat "acted in bad faith to prevent [GPS] from removing the action." 28 U.S.C. § 1446(c)(1). Accordingly, GPS's removal more than a year after commencement of the action was untimely.

## III. Conclusion

Because GPS's removal was untimely, IT IS RECOMMENDED that Dauzat's Motion to Remand (ECF No. 19) be GRANTED and the case be REMANDED to the Tunica-Biloxi Tribal Court in Marksville, Louisiana.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 27, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

8